UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ROBERT EDWARD SNEED, | ) | |
| | ) | |
| Petitioner, | ) | No. 6:25-CV-189-KKC-HAI |
| | ) | |
| v. | ) | RECOMMENDED DISPOSITION |
| | ) | & ORDER |
| SHAWN MCKENZIE, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

*** *** *** ***

On October 27, 2025, the Court received documents from state prisoner Robert Edward Sneed seeking to vacate his murder conviction from 1994. D.E. 1. The matter was appropriately docketed as a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. The filings consist of (1) five handwritten pages asserting that another person had confessed to killing the victim, so Sneed is innocent; (2) a printout of a prison record showing, among other things, Sneed's charges, conviction dates, and sentences; (3) an October 2001 affidavit from Robert Carrier stating he killed James Livingston; (4) a hospital discharge record for Sneed; (5) an autopsy report for James Livingston; and (6) a handwritten note requesting the proper habeas paperwork.

### I. Sneed Has Not Filed the Required Form

Pursuant to local practice, this matter was referred to the undersigned for a preliminary review under Rule 4 of the Rules Governing Section 2254 Proceedings. Rule 2 requires that the Petition substantially conform to a standard form. As Sneed was apparently aware, his original filing failed to do this.

Thus, on October 29, 2025, the Court entered an Order that the Clerk provide Sneed

with the proper form, and that he return it to the Court by November 28. D.E. 3. That deadline is now long past, and the Court has not received Sneed's AO Form 241, Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. The Order warned Sneed that failure to file an AO Form 241 would result in a recommendation to the District Judge that the petition be dismissed. *Id*. This is that recommendation.

In situations where a party fails to comply with a court's order or otherwise affirmatively advance a case, the court possesses the authority to dismiss the case for failure to prosecute under Federal Rule of Civil Procedure 41(b). Dismissal of claims for failure to prosecute is a tool available to the district court to manage its docket and to avoid unnecessary burdens on the court and opposing parties and approving of dismissal after certain plaintiffs therein failed to respond to a court order requiring filing status information. *Palasty v. Hawk*, 15 F. App'x 197, 199 (6th Cir. 2001). Rule 41(b) is equally applicable to cases involving habeas petitions. *See* Rule 12 of the Rules Governing Habeas Corpus Cases Under Section 2254 ("The Federal Rules of Civil Procedure . . . may be applied to a proceeding under these rules").

In determining whether a case should be dismissed for failure to prosecute under Federal Rule 41(b), a court should consider the following four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Rogers v. City of Warren*, 302 F. App'x 371, 376 (6th Cir. 2008) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001)). As discussed below, a review of these factors leads to the conclusion that dismissal without prejudice is appropriate in this case.

First, Sneed's lack of compliance with the Court's Order (D.E. 3) (or communication otherwise evidencing his intention to move forward with the case) appears willful, given that he was provided the requisite forms and ordered to complete and file them by a specific date. Second, Sneed's failure to comply with the Court's Order has not prejudiced the Respondent in that he has not yet been ordered to respond. However, as a party to an unresolved open case pending on the Court's active docket, Respondent is prejudiced to the extent that Petitioner has not advanced his case as ordered by the Court. Third, Sneed was explicitly warned that if he failed to complete and return the standard form, it would be presumed that he does not wish to proceed with a case under 28 U.S.C. § 2254. D.E. 3. Lastly, the fourth factor looks to whether less drastic sanctions were imposed or considered. Because Sneed has disregarded the Court's Order and has effectively abandoned his case, dismissal is appropriate. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

However, dismissal without prejudice is being recommended, which is a lesser sanction than is permitted under Federal Rule of Civil Procedure 41(b). *See Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("The primary meaning of 'dismissal without prejudice,' we think, is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim."). The leniency granted to *pro se* litigants has limits. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (concluding that dismissal of *pro se* complaint was appropriate where plaintiff failed to respond to defendants' Rule 12(c) motion when ordered to do so by magistrate judge); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (recognizing that a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders). Sneed is responsible for ensuring that

all filing requirements are satisfied and pursuing his claims in a timely manner. Under the circumstances, it is reasonable and appropriate to conclude that his failure to fully comply with the Court's Deficiency Order (D.E. 3) constitutes an abandonment of his claims. *See Shavers v. Hastings*, No. 7:06-CV-48-DLB, 2006 WL 1285405, at *1 (E.D. Ky. May 9, 2006) (construing petitioner's noncompliance with order to file additional information as to his financial status as abandonment of his claims and dismissing the pro se habeas petition).

For these reasons, dismissal without prejudice is appropriate.

The Court's October 29 Order also instructed Sneed to either pay the filing fee or move to proceed *in forma pauperis*. D.E. 3. The Court received Sneed's filing fee on November 21, 2025. D.E. 4. On December 14, the Court received a motion to proceed *in forma pauperis*, with supporting documentation. D.E. 5, 6. Because Sneed has already paid the fee, there is no need for him to move to proceed *in forma pauperis*.

## II. If Properly Filed, Sneed's Motion Would Be Second or Successive

In the alternative, even if Sneed had filed the proper form (or if he files the form before the District Judge rules on this recommendation), the undersigned would recommend that the matter be transferred to the Court of Appeals as second or successive.

Under § 2244, the Court is not "required to entertain an application for a writ of habeas corpus . . . if it appears that the legality of such detention has been determined . . . on a prior application." 28 U.S.C. § 2244(a). Before filing a second or successive habeas corpus petition under § 2254, a petitioner must seek an order from the Sixth Circuit authorizing this Court to consider the application. *Id*. § 2244(b)(3)(A). The Sixth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a *prima facie* showing that the application satisfies the requirements of this subsection." *Id*. § 2244(b)(3)(C).

4

Unless the Court of Appeals has authorized the filing of a "second or successive" petition, a district court must transfer the petition to the Sixth Circuit no matter how meritorious the claim may be. *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The record does not reflect proper certification from the United States Court of Appeals for the Sixth Circuit permitting Sneed to file the instant § 2254 petition.

Not every numerically second petition is "second or successive." For example, when "there is a new judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not 'second or successive' at all." *King v. Morgan*, 807 F.3d 154, 157 (6th Cir. 2015); *see also In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016). In this case, no new judgment has been entered since the first federal habeas petition was dismissed.[1] Also, a numerically second petition alleging a claim that was contained in a first petition, but dismissed as unexhausted or otherwise unripe, is not second or successive. *Slack v. McDaniel*, 529 U.S. 473, 487 (2000); *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998). One reason that subsequent petitions are not considered "successive" is that the prior dispositions were not "on the merits." *Slack*, 529 U.S. at 485-86; *Carlson v. Pitcher*, 137 F.3d 416 (6th Cir. 1998); *Camarano v. Irvin*, 98 F.3d 44, 46-47 (2d Cir. 1996).

In this Circuit, dismissing a petition as untimely counts as a dismissal on the merits. *In re Gutierrez*, No. 23-2004, 2024 WL 3333932, at *1 (6th Cir. Apr. 11, 2024) ("The dismissal of a petition as untimely is a decision 'on the merits.'"); *United States v. Berry*, No. 3:19-CR-43-GFVT-HAI, 2024 WL 4720271, at *2 (E.D. Ky. Sept. 5, 2024) (discussing *King v. Corrigan*, No. 22-1581, 2022 WL 17836537, at *2 (6th Cir. Dec. 19, 2022) & *In re Watkins*, 810 F.3d 375, 378 (6th Cir. 2015)), *recommendation adopted*, 2024 WL 4442027 (E.D. Ky. Oct. 8, 2024); *United*

---

[1] *See Commonwealth v. Brad Lawrence Sneed*, McCreary Circuit Court No. 01-CR-00048-001 (docket sheet).

*States v. Clay*, No. 5:06-CR-83-JMH-REW-1, 2017 WL 874707, at *2 (E.D. Ky. Feb. 8, 2017), *recommendation adopted*, 2017 WL 875479 (E.D. Ky. Mar. 3, 2017).

Sneed previously sought federal habeas review of his 1994 murder conviction in case # 6:10-CV-182-DLB-CJS. The Court found the petition to be untimely, and it was dismissed upon initial review. Sneed made another attempt in case # 6:14-CV-149-HRW-EBA. Upon initial review, that petition was found to be second or successive. It was transferred to the Sixth Circuit, and the Sixth Circuit denied authorization to file a second-or-successive petition. Sneed tried again in case # 0:22-CV-36-REW-CJS. In that case, as here, the Court found his petition did not conform to the standard form and ordered Sneed to complete an AO Form 241. Because Sneed did not file a completed AO Form 241, the petition was dismissed without prejudice.

In summary, Sneed now attacks the same conviction that was the subject of a previously denied federal habeas petition. He does not indicate that he has received authorization from the Sixth Circuit to file a second or successive habeas petition. *See Clark v. United States*, 764 F.3d 653, 657-58 (6th Cir. 2014). If Sneed's petition had been properly filed, at this juncture, it would be for the Sixth Circuit to decide whether his claim can be heard.

Typically, before recommending dismissal on procedural grounds, the Court grants the petitioner an opportunity to respond to "accord the parties fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 210 (2006); *accord Shelton v. United States*, 800 F.3d 292, 294 (6th Cir. 2015). "The long-standing general rule is that a court may not dismiss an action without providing the adversely affected party with notice and an opportunity to be heard." *Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000).

In this case, Sneed will have an opportunity to be heard if he chooses to file any appropriate objections to this Recommended Disposition. The Sixth Circuit in *Shelton* recognized that a

petitioner's opportunity to object to a Magistrate Judge's Recommended Disposition satisfies the notice requirement. *Shelton*, 800 F.3d at 295.

### III.  Conclusion

Because Sneed did not file his § 2254 petition in substantial conformity to the standard form, the undersigned **RECOMMENDS** that the petition be **DISMISSED without prejudice upon initial review**. **In the alternative**, if Sneed were to file his petition in conformity with the standard form, his petition should be **TRANSFERRED to the Sixth Circuit** pursuant to 28 U.S.C. § 2244(a) for a determination as to whether the District Court may review it.

Any objection to, or argument against, denial of the § 2254 motion must be asserted properly and in response to this Recommended Disposition.  The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute.  *See also* Rules Governing Section 2255 Proceedings, Rule 8(b).  Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, **by the District Judge**.  Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

Finally, **IT IS HEREBY ORDERED THAT** Sneed's motion for leave to proceed *in forma pauperis* (D.E. 5) is **DENIED AS MOOT** because Sneed has already paid the filing fee (D.E. 4).

This the 19th day of December, 2025.



Signed By:
*Hanly A. Ingram*
United States Magistrate Judge